VIRGINIUS JOHNSON

*v.*

E. W. COUCH ET AL.

*(Supreme Court of Appeals of Virginia, March 15, 1883.)*

[Virginia Law Journal, 1883, p. 271.]

**Officers—Qualification of—Case at Bar.**

On the fourth Thursday in May, 1882, C. was elected treasurer of the city of Petersburg for the term of that office commencing on the first day of July, 1882, and continuing for three years; he was at the time of his election a member of the common council of the city, and his term of office as such did not expire until the first day of July, 1884. On the day that his term of office as treasurer commenced, he participated in a meeting of the council, but during the day resigned that office and qualified and entered upon the duties of the office of treasurer. Upon a mandamus by J., the incumbent in the office of treasurer, to be restored thereto, he claiming to hold the same until the next regular election, *held*:

**Same—Failure to Qualify—Effect.**

1. The failure of C. to qualify before the first day of July, 1882, created a vacancy in the office, which the judge of the hustings court was authorized under the charter of the city to fill.

**Same—Same—Incumbent—Entitled to Hold until Successor Appointed.**

2. J., the incumbent, is not entitled to hold the office until the next regular election, but only until his successor so to be appointed shall have qualified.

Petition for a mandamus upon a rehearing.

The facts sufficiently appear in the opinion.

*Pegram & Stringfellow* and *Donnan & Hamilton*, for petitioner.

*G. S. & D. M. Bernard, Jr.*, *Collier & Budd* and *W. J. Robertson*, for respondents.

RICHARDSON, J., delivered the opinion of the court.

The petitioner, Virginius Johnson, was duly elected treasurer for the city of Petersburg at the regular election held for said city on the fourth Thursday of May, 1879, for the term of three years, commencing on the first day of July, 1879 ; and qualified and entered upon the discharge of the duties thereof, and continued therein and enjoyed the emoluments thereof for the full period for which he had been so chosen.

At the ensuing regular election for said city, held on the fourth Thursday of May, 1882, E. W. Couch was duly elected, by the qualified electors of said city, to succeed said Johnson in said office of treasurer for the term of three years, beginning on the first day of July, 1882 ; and, being so elected, qualified and entered upon the discharge of the duties of his said office. At the time of his election, Couch was a member of the common council of said city, to which position he had been elected for the term of four years, commencing on the first day of July, 1880, and consequently extending beyond the day on which his term of office as treasurer would begin, to wit : the first day of July, 1882. On the day last named, and only for a fraction thereof, said Couch, as a member of said common council, participated in a meeting thereof ; but, during the day, resigned his said office of common councilman, and qualified and entered upon the discharge of the duties of his said office of treasurer. For this failure to qualify prior to the first day of July, and participation, merely for the fractional part of a day, in

the meeting of the common council, Johnson, the outgoing treasurer, conceived that Couch had forfeited his right to the office of treasurer, and that he, Johnson, was entitled to continue to hold and enjoy the same, by virtue of the twenty-fifth section of article the sixth of the constitution of Virginia, which declares that: "Judges, and all other officers elected or appointed, shall continue to discharge the duties of their offices after their terms of service have expired until their successors have qualified." And the contention on the part of the petitioner is that the law does not in this case authorize a special election; there is no vacancy which may be filled by appointment by the judge of the hustings court of Petersburg under and by virtue of a certain provision of the charter of said city, hereinafter to be noticed; and that, as a consequence, the petitioner is entitled to hold the said office of treasurer for the full term, beginning on the first day of July, 1882, and for three years.

The contention thus arising was brought to this court for determination upon a petition for a writ of mandamus to restore the petitioner to said office, from which he claimed to have been wrongfully ousted. The case was decided by this court on the 19th day of December last, in an elaborate and well-sustained opinion, delivered by Judge Staples. This opinion holds that under the law, said Couch, by reason of his failure to qualify prior to the first hour of the first day of July, 1882, and the day on which his office as treasurer would otherwise have commenced, and by reason of the further fact that he, on said first day of July, acted for part of said day as common councilman, vacated the same, and was in possession under a void title. The reasoning by which Judge Staples arrived at this conclusion is clearly stated in his opinion. He says: "I am satisfied that the legislature could never have intended to establish a system or rule under which the numerous county, municipal and township officers throughout the state might, if they pleased, defer qualifying

to their offices respectively until the very day appointed for
the commencement of their terms.    That body, apprehend-
ing the evil which would flow from delays in such matters,
declared the office vacant upon a failure to qualify within a
certain designated time ; that time is the period intervening
between the day of election and the day fixed for the com-
mencement of the term.''

Such was the opinion of the court; but in the judgment
thereof, entered of record, the petitioner, Johnson, was
declared to be entitled to hold the office of treasurer for the
city of Petersburg ''until his successor should be elected and
qualified.''    As the law does not authorize a special election,
the effect of the language above quoted would be to continue
the petitioner in said office for the full term of three years
from the first day of July, 1882.    It is claimed by the
respondent, Judge Mann, that the petitioner cannot so hold ;
that the petitioner's regular term expired with the 30th day
of June, 1882 ; that said office is vacant for the reasons
before stated ; that the petitioner, having been restored to
said office, is entitled to hold it only until his successor is
qualified ; and that he, as judge of the hustings court of said
city, is by virtue of the charter thereof entitled to fill said
vacancy by appointment.

Upon the single point thus in controversy, and arising
solely out of the character of the judgment entered by this
court on the 19th day of December last, a rehearing has
been granted and the question is now to be determined.

So clear and explicit is it in the general plan and scope of
our constitution, that the design of its framers was not only
carefully to classify all officers, but that each class, as near
as may be, should go in together and out together, that the
most casual reader cannot fail to be impressed with the facts.
If, indeed, there was ever room for doubt on this subject,
that doubt was overthrown and the fact established beyond

all cavil, by the decision of this court in the case of *In re* Broadus, etc., 32 Gratt. 782. In delivering the unanimous opinion of this court in that case, in referring to a class of officers (county judges), Judge Moncure says : "The judges elected for the last term, ceased to be judges at the end of that term, except that, under section 25, aforesaid, they are to continue to discharge the duties of their offices after their terms of office have expired until their successors have qualified." In the same case, not dissenting, but adding to the weight and conclusiveness of Judge Moncure's opinion, Judge Christian says : "It might often happen that, from some unforeseen cause or accident, the legislature could not, from mere physical impossibility, elect all the county judges before the first day of January, there being about eighty in all. And this manifest difficulty would often arise, that while their terms of office all expired on the first day of January, each one would hold over one year longer than the term fixed by the constitution. I think it plain that Judge Minor could only hold until his successor qualified, and not until the regular term of office of such successor commenced, which was postponed by the accidental circumstance that he was elected after the first day of January instead of before that day. Waddill was certainly Minor's successor ; for he had been appointed by the legislature, which was, by the constitution, invested with the power of appointment." Now, inasmuch as the sixth section of fifth chapter of the charter of the city of Petersburg —an act of the General Assembly of Virginia, entitled "an act to provide a charter for the city of Petersburg"—expressly confers upon the hustings or corporation court of said city the right, among others, to fill vacancies occurring in the office of city treasurer ; and, inasmuch as an act of assembly declares that for failure to qualify within the prescribed time, the office shall be vacant—the precise case

here—it is manifest, not only from the plain language of the statute, but from the repeated decisions of this court, that the office in question is vacant, and that the petitioner, who has been restored, has only been restored temporarily, to hold after the expiration of his term, as he is now holding, and only until his successor, to be appointed by the hustings court of Petersburg, shall qualify, as provided by the twenty-fifth section of article the sixth of the constitution.

Again, in the Bland and Giles County Case, 33 Gratt. 450, Judge Christian delivering the opinion of this court, in speaking of the terms of office of a county judge, says: "An office is terminated *proprio vigore* by resignation, expiration of term and removal by competent authority." The sixth section of chapter five of the charter, before referred to, confers upon the hustings court power to remove, for cause, upon notice, the mayor, city treasurer, and various other officers of the corporation ; and all of the vacancies thus created, except that in the office of mayor, are required by said section to be filled by said hustings court. A vacancy in the office of mayor must be filled by the common council.

When we consider the large sums of money annually received and disbursed by a city treasurer, the great importance that attaches to every official station, the absolute necessity for promptness, that economy and security of life and property may be attained, and that these depend, in a crowded city, to a very large extent upon official fidelity, we can but admire the wise prudence in the distribution of power and patronage, as manifested in this and similar charters for the government of cities.

We might stop here, and for the reasons already stated simply declare, in the language of the statute, that the office of treasurer of the city of Petersburg is vacant ; that the restored incumbent is holding and can only hold until his successor is appointed and qualified ; and that the appointing

power is the hustings court. But it is most earnestly insisted, by counsel for the petitioner, that there is no vacancy ; that the incumbent is rightfully in, and entitled to hold until his successor is chosen at the next regular election for the city of Petersburg. And, in support of this contention, the language of the constitution and numerous authorities are invoked. Let us examine them, for the importance and gravity of the subject demand the most rigid scrutiny.

The provision of the constitution mainly, if not solely, relied on by counsel for the petitioner, is the twenty-fifth section of the sixth article. It simply provides for the holding over by the incumbent, after the expiration of his term, until his successor shall qualify. The plain, unequivocal import of this section of the constitution is, that when the regular term expires, the office becomes, in the eyes of the constitution, vacant, but with authority to the incumbent, already qualified, to continue, by virtue of such previous qualification, made effective for the purpose by the constitution, to discharge the functions of the office until he is succeeded in the way preferred by the people, as pointed out in the constitution made by them, and in the laws made in pursuance of that instrument. The petitioner filled out his regular term ; and under the constitutional provision being considered, is, to prevent the evils which would flow from either an accidental or designed failure to qualify on the part of the person elected to succeed him, enabled to go on in the discharge of the duties appertaining to the office, not his office, so far into the succeeding regular term, as the time when his successor, legally selected, shall be fully equipped as an officer to take charge of the office and perform its functions.

That this is the correct view, the peculiar character of our constitution, in classifying its officers and prescribing regular terms for each class, sufficiently attests. And this view is abundantly borne out by Judge Staples in his opinion.

He says: "The constitutional provision empowering the incumbent to hold on until his successor qualifies, is intended for exceptional cases, and does not at all affect a general rule which requires that upon the close of one regular official term, the other shall immediately commence." The petitioner has filled out his full regular term, and is simply holding on in this, the succeeding regular term, until his successor shall come, duly qualified, to demand and have the office; and that successor, *ex necessitate rei*, can only hold for the residue of the present regular term.

So much for the argument attempted to be drawn from the constitution. Let us next look to the authorities urged by counsel for the petitioner as sustaining their view. The first and main one relied on is that of the Commonwealth v. Hanley, 9 Penn. State R. 513. That is a very strong case for the petitioner, especially if we permit ourselves to look only to the syllabus and certain very strong expressions of the judge delivering the opinion—expressions not warranted, we think, by the language there and then being construed —and more especially if we forget that we are construing, not the constitution of Pennsylvania, but of Virginia.

The syllabus of that case is : "The death of the person elected to fill the office of clerk of the orphan's court, before he has qualified himself according to law, does not create a vacancy, but the incumbent who is authorized to hold the office until his successor shall be qualified, holds over."

The language of the judge deciding that case, most relied on by counsel for the petitioner, is this : "It will be observed that the terms on which alone the governor can appoint, are a vacancy in the office, and that there can be a vacancy in an office when there is a person in possession whom all acknowledge to be rightfully in possession, having a perfect right to exercise all the powers and duties of the office, and to receive and enjoy all its emoluments, is a position difficult

1 Va Dec—34

to comprehend. It is an abuse of terms to say that at the time the governor issued his commission to the relator, the office was vacant, for no person can plausibly deny that the respondent was the rightful possessor of the office at that time."

Strong as this language is to show that no vacancy exists when there is a person rightfully in possession and entitled to hold on until his successor is duly qualified (for such is, or was, the language, in part, of the Pennsylvania constitution), it in no particular meets the demands of the petitioner's case under the constitution and law of Virginia, as will presently be shown.

Let us next look at the language of the Pennsylvania Constitution, which was construed in the case of the Commonwealth v. Hanley, and then to the case thereunder made by the relator, and then we will be able justly to discriminate between that case and this. The Pennsylvania constitution says: "They (certain officers, including the one then in question) shall hold their offices for three years, if they shall so long behave themselves well, and until their successor shall be duly qualified." The obvious meaning of this provision is, that such officers cannot hold for less than three years, if they so long behave well and choose not to resign; although, on the happening of certain contingencies, they may hold for a longer period."

Let us now look to two brief paragraphs in the same opinion which adhere to the spirit and letter of the constitutional clause the judge was construing. They are:

I. "The fundamental error which lies at the root of the whole case of the relator, consists in the assumption that, according to the spirit of the constitution, the tenure of county officers is strictly limited as to time, viz.: three years, and that any extension of the time arises only from the exigency of the case, and must be strictly construed."

II. "The relator assumes that the respondent was elected and commissioned only for three years; but this is a mistaken view of the constitution, and is only made plausible by obliterating several important words from the constitution."

The case made by the relator in Pennsylvania can be readily apprehended from the two paragraphs of the judge's opinion above given. But what were the important words obliterated, as the judge says, from the Pennsylvania constitution in order to give plausibility to the relator's case? They were, "and until their successor shall be duly qualified;" so as to limit the term strictly to three years and no more, whilst the constitution expressly extended the time until the successor should be duly qualified. The fact is the relator in the Pennsylvania case was unconsciously invoking both the spirit and letter of our Virginia constitution, whilst, unfortunately for him, both the letter and spirit of his own Pennsylvania constitution stood square in his path; by reason of which he rightfully failed of getting the office he coveted. The case made by the relator here is just the converse of the Pennsylvania case. Here the petitioner says he is entitled to hold for the full succeeding regular term, although the statute says that by reason of Couch's failure to qualify in time he forfeited his right which created a vacancy; and although our Constitution expressly says the incumbent, after his term has expired, shall hold over, that is, in the succeeding regular term, until his successor shall qualify. Surely, after a careful comparison of the two constitutions of Virginia and Pennsylvania, the unbiased mind must necessarily reach the conclusion that the two are widely dissimilar; and that the contention of the petitioner, failing by the test of his own constitution, can receive no adequate support from the Pennsylvania case of the Commonwealth v. Hanley.

The other cases relied upon by counsel for the petitioner are : State v. Lusk, 18 Mo. 334; State v. Jenkins, 43 Mo. 261; People v. Lord, 9 Mich. 229; State v. Seay, 64 Mo. 89, and People v. Tilton, 37 Cal. 614. Other authorities from sister states are referred to, but these are the ones given prominence to in the argument. Besides these, two Virginia decisions are also relied on ; they are Commonwealth v. Drewry, 15 Gratt. 1, and *Ex parte* Lawhorne, 18 Gratt. 85.

For reasons now briefly to be stated, these cases will not require any extended notice. The first one named, the State v. Lusk, was this : Lusk was elected public printer by the general assembly of the state of Missouri at the session of 1850, and at the session of 1852 there was a failure to elect a successor by the general assembly. In May, 1853, the governor appointed and commissioned Threadway to fill the office. The proceeding in the case was to remove Lusk.

The office of public printer had been established by an act of the general assembly of that state passed in March, 1845. The second section of the act directed that a public printer should be elected at the then present session of said general assembly, and at every regular session thereafter, by the joint vote of the two houses. The third section directs that the president of the senate and speaker of the house of representatives shall furnish the person elected with a certificate of his election, and he shall, within ten days after receiving the same, give bond, take the oath of office, and shall, at the time provided in the act, enter upon the discharge of the duties of the office, and if he fail to do so, his office shall become vacant. The fifth section provides that the public printer to be elected at each session of the general assembly shall hold his office for two years, commencing on the first day of May next thereafter, and until his

successor shall be elected and qualified ; and the public print-
ers thereafter elected, shall hold office for two years and
until their successors shall be elected and qualified.   The
sixth section provides that if the public printer should die,
or resign, or if, from any other cause, the office should become
vacant, the governor shall appoint a public printer, who shall
give bond and qualify, and shall hold his office for the same
time that the .printer in whose stead he shall be appointed
would have held.

Such was the case of the State v. Lusk, as stated by the
judge who decided it.   In all essential particulars it is the
Pennsylvania case, of the Commonwealth v. Hauley, over
again.   It is plain that like the latter, the peculiar language
under the construction controlled and even forced the deci-
sion as made.   It was idle to say that the office of public
printer was vacant, because the statute creating the office,
in the most explicit terms, expressly invests the incumbent
with title and right to hold, not for two years only, but for
two years and until his successor shall be elected and quali-
fied.   The appointment of the governor was invalid, because
there was no vacancy.   That there was no vacancy comes
from the fact that the plain language of the statute extended
the official term of the incumbent until his successor should
be elected and qualified.   It is plain that the governor could
not elect, in the constitutional or statutory meaning of that
term.   And, inasmuch as the sessions of the general assembly
of Missouri were biennial, and the statute required the elec-
tion to be made at each regular session, it is equally plain
that the incumbent in that case was, in the nature of things,
entitled to hold as his own successor, and until succeeded by
some one chosen in the way prescribed by law.   Though the
case in Missouri arose by a failure of the general assembly,
at a regular session, to elect a successor, and no vacancy was,
or could be thereby created, yet, had the incumbent died,
or resigned, or been convicted of crime, there would have

been a vacancy ; and no one would in either case, we apprehend, have questioned the right of the governor to fill the vacancy by appointment.  Those were the methods of the Pennsylvania and Missouri people, speaking by authority through their respective constitutions and laws.

The people of Virginia, through the constitution and laws made in pursuance thereof, have spoken their will, in their way.  In their constitution they have declared that for every city or town having a population of five thousand, there shall be elected by the qualified voters, among other officers, one city or town treasurer, whose duties shall be similar to those of county treasurer, and shall hold his office for a term of three years.  § 18, art. 6.  By the 21st section of said article it is declared that all regular elections for city or town officers shall be held on the fourth Thursday in May, and that the officers elected shall enter upon their duties on the 1st day of July succeeding.  The 25th section of said article declares that judges, and all other officers elected or appointed, shall continue to discharge the duties of their offices after their terms of service have expired until their successors have qualified, and not until they have been elected and qualified.

Next, we have a statute enacted by the legislature which declares that the failure of any corporation officer to qualify in the time prescribed by law for the commencement of his term of office shall vacate his office.  § 9, chap. 153, Acts 1874–5.  And then we have the charter of the city of Petersburg, enacted in obedience to the constitution, by which the judge of the hustings court for said city is invested with full power to supply the vacancy declared by law.  These constitution and statutory provisions are clear and explicit ; they need no argument to enforce their obvious meaning ; together they constitute an argument in themselves, in every respect complete.  It is idle to argue that it is an

abuse of terms to say an office is vacant when a person is rightfully in possession and discharging all the functions thereof.    It is enough to reply, it is thus written in the law.

The office of treasurer for the city of Petersburg exists ; it is a constitutional creation ; it is temporarily occupied by a sort of *locum tenens*, a person designated by the constitution, and thereby enabled to discharge the duties of the station or place until the coming of his successor appointed and qualified as prescribed by law.

The 18th section of article 6th before cited declares that the duties of a city treasurer shall be similar to those of county treasurer.    County treasurers are required to be elected by popular vote ; and in case a county treasurer should fail to qualify and give bond, all must admit that his office would for that cause become vacant, and that the outgoing treasurer could hold over only until the county court should appoint, and that such appointee would only hold until the next regular county election, which would necessarily occur before the next regular election at which county treasurers, generally, would be elected.

As to the other authorities, outside of Virginia, relied on by counsel for the petitioner, it is only necessary to say they all, like the Missouri case just commented on, follow in the wake, and turn upon the construction of language, either constitutional or statutory, like that in the case of the Commonwealth v. Hanley.

But it is insisted that the case of the Commonwealth v. Drewry, 15 Gratt. 1, is conclusive authority in this case for the petitioner.    That case arose under a statute passed by the legislature in 1856, to extend the then current term of sheriffs from the first day of July, when the term would expire, to the first day of January succeeding.    That act was passed under the constitution of 1851.    This court held that act not in violation of the constitution then in force.    There

is no statute under our present constitution extending the term of any office, and it might well be a matter of grave doubt whether the legislature could, under the present constitution, exercise any such power. This circumstance is sufficient to shew that that case can have no influence as authority in the case under consideration.

As to the case of *Ex parte* Lawhorne, 18 Gratt. 85, it only decides that the 25th section of article 6 of the constitution applies to all state officers; and the governor, whose term has expired, holds over until his successor is qualified. It can have no application to the question here.

Thus far the argument has been drawn from a comparison of the constitution and laws of Virginia with those of other states. Let us now turn to the view of this case contended for by the respondent, and see if it can be sustained by additional authority.

In McCrary on Elections, § 236, it is said : ''If the official term of a public officer is limited to a given number of years, of course, at the end of such term, unless a successor has been chosen and qualified, the office becomes vacant. Hence it is that in most of the states there are constitutional or statutory provisions to the effect that all public officers shall hold for a given period, and until their successors are duly qualified.'' Citing Commonwealth v. Hanley, *supra*. It is true that a number of authorities have been cited on behalf of the respondent strongly sustaining the law as laid down by McCrary, but even to enumerate them would be a useless consumption of time.

It must be borne in mind that we are construing the constitution and law of Virginia. It is well said by the counsel who closed the argument for the petitioner, that in this controversy is involved the very life and existence of important provisions of the constitution. This is true, and it is the duty of this court, whenever any question affecting either

the constitution, or any law made in pursuance thereof, is brought to its attention, to give full force and effect to every provision of the instrument, for every word therein is material and essential to the healthful existence of every other. It is the authority for all we lawfully enjoy. It is the foundation upon which the whole superstructure rests. Its mandates must be obeyed. Feeling keenly the responsibility attaching to the discharge of a duty such as this, it is gratifying, after the most careful investigation, to see that no authority in, or beyond the limit of the commonwealth, stands in the way of the unambiguous language we are called upon to construe ; that the obvious meaning is so clear that there is no room for doubt ; and that in this case, at least, there is a safe refuge for every lover of the constitution in the salutary rule that, when a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature shall be intended to mean what they have plainly expressed and consequently no room is left for construction.

With these views, and for the reasons stated, this court is of opinion, and so declares, that the judgment entered in this cause by this court on the 19th day of December, 1882, is erroneous in so far as it declares the relator, Johnson, entitled to hold the office of treasurer of the city of Petersburg "until his successor should be elected and qualified ;" that said judgment shall be amended and corrected so as, in that particular, to read : "Until his successor has qualified ; " and that said office, although said Johnson, designated by reason of his incumbency, is in possession and discharging the duties thereof, is vacant, and he is entitled to hold the same only until his successor shall qualify.

Former judgment amended and judgment for respondents.