# Richmond.

## BRANHAM v. LONG.

### January 24th, 1884.

1. CONSTRUCTION OF STATUTES—*Latest expression of legislative will must prevail.*—General act approved 16th March, 1875, ch. 206, p. 215, provides for commissioners of the revenue for every county, who shall hold their office for four years from a day named on which they should enter upon their duties. That act was amended 21st April, 1882, but not as respects the duration of the term of that office. On the day last mentioned the charter of the city of Norfolk was also amended by an act prescribing two years as the duration of the term of said office.

HELD:

> Touching the duration of the term of the office of commissioner of the revenue in the city of Norfolk, the amendment of its charter is the latest expression of the legislative will, and must prevail as to that city. *Haynes* v. *The Commonwealth*, 31 Gratt. 96, does not control the case.

2. OFFICIAL TERMS—*Legislature.*—Though the constitution may create the office, yet if it does not prescribe the term of office, the legislature may, at any time, change the duration of the term.

3. IDEM—*Vacancies.*—Under the constitution and laws of this State, county, municipal and district officers must qualify by taking the *several oaths* required by law before the day whereon their terms respectively begin, else their offices are vacant, and the incumbents continue to discharge the duties of the offices, *after their terms of office have expired,* until their successors have qualified.

4. IDEM—*Idem—Case at bar.*—B was elected commissioner of the revenue for Norfolk city for four years from 1st July, 1880, under the general law. L was elected to the same office for two years, from 1st July, 1882, under the act approved 21st April, 1882, amending the charter of said city; but L failed to qualify, by taking the anti-duelling oath, before 1st July, 1882.

HELD:

1. The duration of B's term of office was abridged by the act amending said charter, and L was lawfully elected for the term of two years commencing 1st July, 1882.
2. But L having failed to qualify by taking the anti-duelling oath before the commencement of his term, vacated his office, and the incumbent, B, is entitled to hold the office until his successor shall be duly elected and qualified. *Johnson* v. *Mann, Judge, and others,* 77 Va. 265.

Error to judgment of corporation court of the city of Norfolk, rendered 12th January, 1883, in a proceeding in the nature of a writ of *quo warranto,* filed in the name of the Commonwealth of Virginia, at the relation of James W. Long, against John B. Branham, whereby said Branham, who was, by verdict of the jury, found guilty of exercising the duties of the office of commissioner of the revenue for the city of Norfolk, without legal authority, as charged in the information, was adjudged to be forthwith ousted from the said office, and to pay the costs of the prosecution. From this judgment said Branham obtained from one of the judges of this court a writ of error and *supersedeas.*

Opinion fully states the case.

*Burroughs & Brother* and *W. W. Gordon,* for the plaintiff in error.

*F. S. Blair* and *Spalding,* for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The controversy in this case was, whether the plaintiff in error, John B. Branham, or the defendant in error, James W. Long, was entitled to the office of commissioner of the revenue for the city of Norfolk for the period of two years, commencing with the 1st day of July, 1882.

It was charged in the information that the said John B.

Branham, on the 1st day of July, 1882, and continuously since that time, in the said city of Norfolk, did, without any legal authority, exercise the office of commissioner of the revenue of said city against the peace and dignity of the Commonwealth of Virginia, and to the special prejudice of J. W. Long, who, at a general election held in the said city of Norfolk, on the 25th day of May, 1882, was duly elected commissioner of the revenue of said city for the term of two years, commencing on the first day of July, 1882, and who has duly qualified as commissioner of the revenue for said city for said term of two years.

The defendant, the said Branham, plead "not guilty," and also offered ten special pleas in writing, the 1st, 2d and 8th of which were upon demurrer rejected by the trial court; and the plaintiff replied generally to the said plea of not guilty, and filed replications in writing respectively to said special pleas, numbered 3, 4, 5, 6, 7 and 9; and upon the motion of the plaintiff, plea number 10 was rejected.

In the view taken by this court, it is unnecessary to refer now to any of said special pleas, except No. 4, in the series, by which said defendant, Branham, says that he was duly elected commissioner of the revenue for the city of Norfolk at the general election held for said city on the 4th Thursday in May, 1880, and received from the proper officer the certificate of his election; that on the 7th day of June, 1880, he duly qualified as such commissioner before the corporation court for the city of Norfolk, gave the requisite bond with approved securities, and took and subscribed the several oaths of office prescribed by law; that he gave to the said city his bond as said commissioner of the revenue with sureties approved by the common council of said city, which was accepted by said council; and that he entered upon the discharge of the duties of said office on the 1st day of July, 1880, and he has ever since continued to exercise the rights and discharge the duties of said

office; that the term of his said office was at the time of his election and now is, as prescribed by law, for four years, commencing from the 1st day of July, 1880; that the term of his said office did not terminate on the 1st day of July, 1882, but the same will continue until the 1st day of July, 1884, unless he be sooner removed; that the election for commissioner of the revenue for said city, held for said city on the 4th Thursday of May, 1882, at which the said J. W. Long claims to have been elected commissioner of the revenue for said city, was held without authority of law, and the same is illegal and void; and the said J. W. Long is not entitled to the said office; but, on the contrary, this defendant is entitled to the same by virtue of his election aforesaid and the law prescribing the term of his office to be four years, commencing on the 1st day of July, 1880.

This plea, if true, is a complete answer to every material charge contained in the said information; and it is here set forth in substance only to bring directly to view the grounds upon which this controversy arose. Every material allegation in this plea the defendant had the right to prove under his plea of "not guilty." Or rather, the relator having the affirmative of the issue, was bound to prove his case as set forth in the information; and the defendant had the right under the general issue to fortify himself by proof of the facts alleged in his said special plea.

On the 4th day of January, 1883, the cause came on for trial in said corporation court, when a jury was duly empaneled to try the same; and the facts proved so far as material in our view of the case were these:

On the part of the defendant, it was in evidence that at the general election held for the city of Norfolk, on the 4th Thursday in May, 1880, the defendant, J. B. Branham, was duly elected commissioner of the revenue for said city; that he received the certificate of said election from the

proper officers authorized to declare and certify his election; that on the 4th day of June, 1880, he duly qualified as such commissioner of the revenue, by taking the necessary oaths of office before the mayor of said city, and giving the necessary bond of office, with approved sureties, and took and subscribed the several oaths as prescribed by law; that he also gave to the city of Norfolk the official bond prescribed by the ordinance of said city, with sureties approved by the common council of said city, and did all other acts of necessary qualification to said office; that he entered upon the discharge of the duties and the exercise of the rights of said office on the 1st day of July, 1880, and has since continued to exercise the rights and discharge the duties of said office, and is still exercising and discharging the same; and that he declined to surrender the said office, because he claims that he was elected commissioner of the revenue of the said city, as aforesaid, for the term of four years, commencing on the 1st day of July, 1880.

On behalf of the relator, it was in evidence that at the general election held for said city on the 4th Thursday in May, 1882, the relator, said J. W. Long, was elected commissioner of the revenue for said city; that he was duly declared elected, and received the certificate of his election from the proper officers; that he qualified as such commissioner on the 5th day of June, 1882, before the corporation court of the city of Norfolk, gave the official bond, with approved sureties, and took and subscribed the oath of office prescribed by law, which oath was taken and subscribed before the mayor of said city, and was duly certified and filed with the city treasurer, as required by law; that he gave the requisite bond to the city of Norfolk, with approved sureties, which was accepted by the common and select councils of said city; and on the — day of ——, 1882, made demand upon said Branham to surrender said office to him, which demand was refused.

Other matters were in evidence on behalf of the parties, respectively, which need not be referred to, as they are not essential to a proper disposition of this case. In the progress of the trial in the said corporation court, the defendant to sustain the issue on his part joined on his special plea No. 6, offered to read to the jury, and comment thereon, the petition filed by the relator, and on which the rule issued in this case; which petition appears in the record, and on its face shows that said relator did not, prior to the commencement of the term of office to which he had been elected, take the several oaths required by law—to-wit: that he did not take the oath commonly known as the anti-duelling oath—but the court refused to allow said petition to go in evidence to the jury; and the defendant excepted.

And at the trial two instructions were asked for by the defendant; both of which were refused, and one instruction was given in lieu thereof by the court. These will be briefly considered in the conclusion of this opinion.

The case having been submitted, the jury returned their verdict in these words: " We, the jury, find the defendant, John B. Branham, guilty of exercising the duties of the office of commissioner of the revenue for the city of Norfolk, without legal authority, as charged in the information filed"; but in their verdict made no response to the issue joined on the said special pleas numbered, respectively, 3, 4, 5, 6, 7 and 9. And thereupon the defendant by his counsel moved the court to set aside the verdict and grant him a new trial upon the grounds—

1st. That the court erred in refusing to give said two instructions asked for and giving in lieu thereof the instruction it did give.

2d. In refusing to allow the petition of the relator, James W. Long, to be commented on before the jury in relation to the anti-duelling oath, or to be offered in evidence before the jury on that point; to which ruling of the court the

defendant had excepted, as set forth in his sixth bill of exceptions.

3d. Because the court refused to allow evidence to be offered to the jury tending to show that James W. Long received any of the fees of the office of commissioner of the revenue for the city of Norfolk, at any time after the first day of July, 1882; and

4th. Because the jury failed to respond in their verdict to the issues raised by special pleas numbered 3, 4, 5, 6, 7 and 9; which motion, upon consideration, was overruled by the court, and the defendant excepted. And thereupon the court proceeded and rendered judgment of *ouster* against the said defendant, John B. Branham; to which judgment and rulings of said court a writ of error and supersedeas was awarded by one of the judges of this court.

The claim of the relator, Long, is that by virtue of an election held in the city of Norfolk on the fourth Thursday in May, 1882, under the 27th section of the act of the general assembly, entitled "An act to amend and re-enact the charter of the city of Norfolk," approved April 21st, 1882, ch. 70, p. 405, he was elected commissioner of the revenue for said city for the term of two years, commencing July 1st, 1882. Said section is plain and unequivocal in its terms. It declares: "There shall be elected by the qualified voters of the city of Norfolk, on the fourth Thursday in May, *eighteen hundred and eighty two,* and the fourth Thursday in May, in every second year thereafter, the following officers: one collector of the city taxes and levies, one commissioner of the revenue"; and other officers therein specified, but not necessary to be named. By the 34th section of said charter, it is further provided in most specific terms: "There shall be elected by the qualified voters of the city of Norfolk one commissioner of the revenue, who shall hold his office for the period of two years, and until his successor shall be elected and qualify, unless sooner removed from office."

The defendant, Branham, claims to be entitled to the office in question for the period of four years from the 1st day of July, 1880, by virtue of an election, held in said city, on the fourth Thursday in May, 1880, under the first section of the act entitled " An act prescribing general provisions in relation to commissioners of the revenue and the assessment of taxes on persons, property, income, licenses," &c., approved March 16, 1875, as amended by an act approved March 27, 1876, and the acts approved April 2, 1877, and to add additional sections thereto, and as amended by the act approved April 21st, 1882, ch. 61, p. 380, acts 1882, which section, among other things, provides that there " shall be four commissioners of the revenue for each of the counties of Bedford," &c.; " three for each of the counties of Fauquier," &c.; " two for each of the counties of Accomac," &c., " and one for every other county now existing, or which may be hereafter created, and one for each city or town now authorized by law to elect a commissioner of the revenue, which said commissioner shall be elected, give bond, and qualify as prescribed by the law," &c. . . . " The term of office of the commissioner of the revenue shall commence on the first day of July next after their election, and continue for four years from the day when their term of office respectively commenced, unless sooner removed." And the defendant, Branham, claims that the latter act repealed the former as to the election of commissioner of the revenue for the city of Norfolk. Is this the case ? The latter act being as to the term of office of com - missioners of the revenue in cities irreconcilably in conflict with the former act (the charter of said city), and being general and applying alike to counties and cities, would, if subsequent to the former, by necessary implication, operate to repeal said former act. This was clearly illustrated in the case of *Haynes* v. *The Commonwealth, &c.*, 31 Gratt. 96. That case arose under almost precisely the same circum-

stances, and grew out of a conflict between a similar provision in the charter of the neighboring city of Portsmouth and said general law of 1875  In that case it was held that said act of 1875 applied to the city of Portsmouth and repealed the prior act of 1873, as to the duration of the term of office of a commissioner of the revenue of said city. Moncure, J., delivering the opinion, said : " The two acts, in that view, are irreconcilably in conflict, and the latter, of course, repeals the former, by necessary implication, which is just as effective as an express repeal would be "  And the result was that the plaintiff in error, Haynes, in that case, who had been duly elected and qualified under said general act of 1875 for the term of four years, was held to be entitled to his office for his full term, notwithstanding the provisions in the charter of said city of Portsmouth limiting the term of said office to two years  Now, it happens that the provision in the charter of the city of Norfolk prescribing two years as the duration of the term of the office in question, was incorporated into the act first creating the charter for said city, in force March 16th, 1871. Ch. 139, Acts 1870-71, p. 187.   That act provided, among other things not necessary to be mentioned, that " the election of municipal officers (including commissioner of the revenue) hereinafter mentioned, shall he held on the fourth Thursday in May, eighteen hundred and seventy-two, and on the fourth Thursday in May in every second year thereafter, except for the election of city treasurer, who shall be elected on the fourth Thursday in May, 1873, and on the said Thursday in every third year thereafter."

It turns out that both the charter of the city of Norfolk and said general act of 1875 have, from time to time, been amended in other particulars, but neither of them as to the term of office of commissioners of the revenue ; and that at the session of the general assembly, 1882, both were amended in important particulars, and both so amended

were approved by the governor on the same day. By this
amendment the general law of 1875 was left unchanged as
to the election of commissioners of the revenue and the
duration of their terms of office. But by said amendment
of 1882 a very important change was made in said charter,
by which it is declared in the 27th section thereof: "There
shall be elected by the qualified voters of the city of Nor-
folk, on the fourth Thursday in May, *eighteen hundred
and eighty-two*, and the fourth Thursday in May in every
second year thereafter, the following officers: One collector
of city taxes and levies, one commissioner of the revenue,"
&c. . . . . "who shall hold their offices for the term of two
years from the first day of July ensuing their election and
until their successors shall be elected and qualified, unless
sooner removed."

This expression of the legislative will is too clear and
explicit to admit of any question, and unmistakably makes
the city of Norfolk an exception from the general law in
respect to the term of office of commissioner of the revenue
in said city. In this respect the two acts are directly in
conflict. Both were approved by the governor and became
law on the same day. Touching the duration of the term
of the office of commissioner of the revenue, the provision
in the charter of the city of Norfolk is the latest expression
of the legislature on the subject so far, and only so far, as
said city is concerned, and to that extent must prevail. It
is apparent, too, that the ruling of this court in the case of
*Haynes* v. *The Commonwealth, &c., supra*, cannot control
this case. It must be understood that we do not hold that
the charter of Norfolk, as amended by the act of 1882, touch-
ing commissioners of the revenue, repeals the general law
of 1875 on that subject. On the contrary, except as to the
city of Norfolk, said general law is unrepealed. It is the
duty of this court so to construe said acts as to give practi-
cal effect to both, if possible ; and this is done by accepting

the necessary conclusion that the legislature intended, and did by said last named amendment, make an exception as to the city of Norfolk.

This the legislature clearly had the right to do in the absence of any constitutional restraint. True, the constitution creates the office in question, but does not prescribe the term of office. The legislative will, in such case, is supreme. " It may, therefore, discontinue offices and abolish or change the organization of municipal corporations at any time, according to the existing legislative view of State policy, unless forbidden by the constitution from doing so." Cooley on Con. Lim. 276, and cases cited.

In this view of said acts, the relator, Long, if duly elected and *qualified,* is entitled to the said office. Was he elected *and qualified?* That he was duly elected is clear ; but it is contended by the defendant, the plaintiff in error, that the relator, Long, the defendant in error, did not qualify by taking the several oaths required by law ; that the office thereby became vacant, and that the plaintiff in error having been duly elected and qualified, and in lawful possession of said office, is entitled to hold over until his successor has been elected and qualified

This question was raised by the 2d instruction offered at the trial by the defendant, Branham, which instruction reads: "If the jury shall believe from the evidence that James W. Long was duly elected commissioner of the revenue on the 4th Thursday in May, 1882, and that he did not take the oath called the anti-duelling oath, approved April 21st, 1882, until the 8th day of July, 1882, then, under section seven of the charter of Norfolk city, he was not duly qualified to perform the duties of commissioner of the revenue, so far as these duties related to the municipal government of the city of Norfolk ; and if they shall further believe that J. B. Branham was in office on the 30th day of June, 1882, exercising the duties so far as

they pertain to the government of the city of Norfolk, then the said J. B. Branham, under the constitution and laws of the State, is entitled to hold over and exercise the duties of said office." But the court refused to give the instruction as asked for by the defendant, and in lieu thereof, embracing the subject-matter of both of the instructions asked for in one instruction, which, as to the question of qualification raised by defendant's said instruction No. 2, substantially was : " The court instructs the jury, that if it appears in evidence, from the records of the corporation court of the city of Norfolk, that James W. Long, the relator, on the 5th day of June, 1882, entered into bond, with sureties deemed sufficient by the court, in the penalty of $3,000, conditioned for the faithful performance of the duties of his office, and thereupon took and subscribed the *oath* prescribed by law; and that within ten days after receiving the certificate of his election, he took and subscribed before the mayor of said city the *oath* prescribed by law," . . . . , &c., " they must find that John B. Branham, the defendant, is guilty of exercising the duties of the office of commissioner of the revenue for the city of Norfolk, without legal authority, as charged in the information filed."

The court below plainly erred in refusing said instruction No. 2, offered by the defendant, and giving in lieu thereof the instruction it did give ; in that the instruction asked for and refused correctly propounded the law, and was predicated upon evidence tending to prove the issue joined in the case on the defendant's said special plea No. 6 ; while the instruction given by the court in lieu thereof was palpably erroneous, not only because it asserted propositions of law different from those propounded by the instruction asked for, (1) in ignoring the fact, in effect, that it was essential for the relator, Long, to take the anti-duelling oath as a necessary prerequisite to his discharg-

ing the duties of said office, and (2) in saying, in effect, to the jury that it was unnecessary for the relator to satisfy the jury that he had been duly elected to said office, and had qualified by taking the *several oaths* required by law, but because it embraced other matters wholly disconnected with the question upon which the defendant's said instruction was asked for, and was well calculated to mislead the jury.

It appears on the face of the petition filed in this cause by the relator, Long, and upon which the information was filed that the relator did not take the anti-duelling oath, an essential prerequisite in his qualification for the discharge of the duties of the office in question, until the 8th day of July, 1882, and after the commencement of the term for which he had been elected. By reason of the failure of said Long to take and subscribe the *several oaths*, including said anti-duelling oath, as required by law, prior to the first day of July, 1882, the day on which the term of office to which he had been elected commenced, the said office became vacant; and the said J. B. Branham having been previously elected to said office, and been duly qualified and in the rightful possession of said office, and actually in the lawful discharge of the duties thereof up to and at the commencement of the term to which the said Long had been elected, was and is, by virtue of the constitution and laws of Virginia, entitled to hold over and continue to exercise the duties and enjoy the emoluments of said office until his successor shall be duly elected and qualified. Cons. Va., Art. 6, § 25; *Johnson* v. *Mann, Judge, and others*, 77 Va. 265; and other cases decided by this court.

For these reasons we are of opinion that the said corporation court erred in refusing to allow said petition to go in evidence to the jury, and in refusing to give the defendant's said instruction No. 2, and giving the instruction in

lieu thereof which was given; and that the court further erred in refusing to set aside the verdict and grant a new trial.

But it also appearing that by reason of his failure to qualify, as required by law, the said office became vacant, and the said Branham being rightfully in possession, and discharging the duties of said office, is entitled to hold over until his successor is qualified; that the judgment of said corporation court is erroneous and must be reversed and annulled, the said verdict set aside, and such judgment entered here as ought to have been entered by said corporation court.

JUDGMENT REVERSED.