## Richmond.

### REDD AND ALS. v. THE COMMONWEALTH.

#### January 17th, 1889.

WRITTEN INSTRUMENTS—*Construction—Parol Evidence.*—Where powers of attorney, to execute bond in grantors' names as sureties for a person as county treasurer, are in no way ambiguous, parol evidence is not admissible to limit the power to the bond required of such person elected by vote, and to exclude the bond required of him when, having failed to qualify in time after his election, he is appointed by the county judge to fill the vacancy.

Error to judgment of circuit court of city of Richmond, rendered May 26th, 1887, in a motion by notice on the official bond of C. H. Ingles, late treasurer of Henry county, against him and his sureties, Wm. S. Redd, P. Hairston, G. I. Minter, H. J. Winn, W. G. Philpot, and others. The defendants, Redd and others, the said sureties, filed a plea of *non est factum*, upon which issue was joined. And thereupon the court, considering the evidence and exhibits before it, gave judgment in favor of the Commonwealth, and the defendants, having excepted to the judgment, brought the case here on error and *supersedeas.* Opinion states the case.

*Anderson & Staples*, for plaintiff in error.

*Attorney-General R. A. Ayers*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

This case is a motion on notice on the official bond of C. H. Ingles, late treasurer of Henry county, against him and his

sureties, upon his official bond, for a balance due the Commonwealth by the said treasurer. For all the purpose of this writ of error, the only issue raised on the trial, was raised by the plea of *non est factum*, filed by some of the sureties, on whom process had been executed, except one, Hardin Price, as to whom the motion was continued—which said plea of *non est factum* was agreed to be treated as the plea of all said sureties. On which issue there was a verdict for the plaintiff, and the court gave judgment for the plaintiff for the sum of $1,159.14 against all the said sureties on whom process had been duly served. The only question to be decided here is as to the execution of the bond—not as to the *factum* of the bond itself, but as to its legal effect and binding obligation upon the sureties, who are plaintiffs in error.

At the election for county officers, held in May, 1879, the said C. H. Ingles was elected treasurer of Henry county. Under the law (Acts of Assembly 1878–'9, page 318) he was required to execute his official bond and qualify in the said office of treasurer on or before the 1st day of July, 1879. This he failed to do; and by his said failure duly to qualify in the said office as treasurer of Henry county, to which he had been duly elected as aforesaid, there was a vacancy by law in the said office. (See *Johnson* v. *Mann, Judge, and Couch, Treasurer*, 77 Va. 265; *Branham* v. *Long*, 78 Va. 352.)

At the August term, 1879, to-wit: on the 12th day of August, 1879, the county court of Henry county appointed the said C. H. Ingles to fill the vacancy then existing in the office of treasurer; and the said Ingles qualified in the said court as treasurer of Henry county by executing his official bond in the penalty of $60,000, conditioned according to law, with his surety, John T. Stovall, who, together with the said Ingles as principal, signed and acknowledged the said bond in their own proper persons; and his numerous other sureties executed and acknowledged the said bond by their attorneys in fact, under powers of attorney duly executed, and authorizing the said attorneys in fact to

Vol. LXXXV—82

execute the said official bond of the said Ingles as treasurer of Henry county for them as his sureties in said bond.

The said powers of attorney were of different dates; but they were, each and all, in words and form as follows: "Know all men by these presents, that we, the undersigned, of the county of Henry and State of Virginia, do hereby constitute and appoint C. B. Bryant (or N. H. Hairston) our true and lawful attorney, for us and in our names to sign our names as the surety for C. H. Ingles, as treasurer of the county of Henry, to said bond, and with such conditions and in such penalty as may be required of the said C. H. Ingles, as treasurer as aforesaid, by the judge of the county court of Henry, either in open court or vacation; and we hereby authorize the said C. B. Bryant (or N. H. Hairston) to bind us as effectually, as the surety of the said C. H. Ingles, as treasurer as aforesaid, as we could do if we were personally present to sign the bond, etc., etc.    Witness our hands and seals this 10th day of June, 1879.

This power of attorney was signed and acknowledged by I. G. Minter, H. I. Winn, and L. P. Richardson.    The power of attorney, exactly similar, which was signed and acknowledged by P. Hairston and William S. Philpot, is dated July 14th, 1879. That signed and acknowledged by J. W. Fry and W. S. Redd is dated August 1st, 1879.    That signed and acknowledged by John Clark and R. H. Watkins is dated July 29th, 1879.

The plaintiffs in error attempt to sustain their plea of *non est factum* by their depositions, in which they testify that the only bond contemplated by them to be executed for them by their attorneys in fact, under their powers of attorney aforesaid, was the bond which C. H. Ingles was to give under his qualification as treasurer by virtue of and in pursuance of his election; and that their said attorneys in fact were not authorized to execute for them the official bond in this case, which was executed under the appointment of said Ingles as treasurer by the county court of Henry, at the August term, 1879, of said court; and that therefore the said bond is, as to them, invalid and void.

This contention is wholly untenable. The powers of attorney are unambiguous, explicit, unqualified, unlimited and comprehensive in the power conferred upon the attorney in fact to sign the names of the plaintiffs in error "as surety for C. H. Ingles as treasurer of Henry county to said bond, with such conditions and in such penalty as may be required of the said C. H. Ingles as treasurer as aforesaid," etc. There is nothing upon the face of the bond, and nothing in its terms, to point to the limitation of the power conferred upon the attorney in fact to exercise it merely and simply as to the qualification by C. H. Ingles as treasurer of the county of Henry under or by virtue of his election. Not only was the mode of qualification identically the same as to his official bond, whether he should qualify under his election or under his appointment by the county court of Henry, but the very fact that either way was open to his option by law may explain his failure to qualify within the time prescribed by law—by or on the 1st of July, 1879..

The plaintiffs in error were willing to become sureties for C. H. Ingles as treasurer of Henry county, and executed powers of attorney, authorizing their names to be signed as such sureties by their attorney in fact, who adhered strictly to the power and executed a bond for said Ingles as treasurer of Henry county ; and it is too late now for the sureties to contend that they intended a *limitation,* which was not inserted in the power, and which cannot be put upon it except by evidence *aliunde,* and their own evidence at that, to alter, vary and emasculate their own solemn written instrument under seal. *Phelps* v. *Seely,* 22 Gratt. 585 ; 1 Greenleaf on Evidence, sec. 275. In the cases of *Bank of U. S.* v. *Beirne,* and *Farmer's Bank* v. *Beirne,* 1 Gratt. 263, the court said : "The record in this case presents for our decision but a single question, and that lies within the narrow limits of a short letter of attorney, constituting an agent with authority to sign the names of his principals as endorsers on certain bills and notes to be thereafter drawn by a third person." "The object of construction in all cases is to ascertain the inten-

tion of the parties, or, more properly speaking, the meaning of the instrument; for we are bound to say that the parties intend what the written instrument declares." Parties to written instruments shall be held to mean what they have plainly expressed, and there is no room for construction. See *Johnson* v. *Mann, Judge, and Couch, Treasurer*, 77 Va. (2 Hansbrough) 265.

We are of opinion that all the plaintiffs in error, whose names are signed as sureties to the official bond of C. H. Ingles as treasurer of Henry county, dated August 12th, 1879, executed and approved when he qualified as such treasurer under the appointment by the county court of Henry county, August 12th, 1879, are bound and liable under the said bond; but it is specially to be remarked that the powers of attorney executed by *six* out of the *nine* plaintiffs in error were executed after the time had passed, July 1st, 1879, when C. H. Ingles could have qualified as treasurer by virtue of his election, and bear date July 14th, July 29th, and August 1st, 1879, respectively.

There is no error in the judgment complained of, and it is affirmed.

JUDGMENT AFFIRMED.