## J. E. CONGER *v.* J. F. ROY.*

## (*Nashville.*   December Term, 1924.)

1. **OFFICERS.**  ''Vacancy'' nonexistent while former incumbent holding over pending successor's election and qualification.

   Where incumbent holds over after expiration of fixed term because his successor has not been elected or has not qualified there is no "vacancy" which warrants election under Constitution, article 7, sections 1, 2, 4, 5, and Shannon's Code, section 1118; the word "vacant" when applied to an office meaning without an incumbent, regardless of when or how it becomes vacant (citing Words and Phrases, First and Second Series, Vacancy—Vacant—Vacate.) (*Post, pp.* 39-43.)

   Cases cited and approved: Condon v. Maloney, 108 Tenn., 83; State v. Slagle, 115 Tenn., 336; Richardson v. Young, 122 Tenn., 471.

   Cases cited and distinguished: State ex rel. v. Malone, 131 Tenn., 157; Chadduck v. Burke, 103 Va., 694.

   Code cited and construed: Sec. 1118 (S.).

   Constitution cited and construed: Art. 7, secs. 1, 2, 4, 5.

2. **OFFICERS.**  Provision for filling vacancy inapplicable where incumbent holds over pending qualification of successor.

   Shannon's Code, section 1332, providing that when an election is found to have been null it shall be declared void and so certified to the power authorized to fill vacancy or order new election, applies only where there is a vacancy, and not where incumbent holds over until his successor is elected and qualified; Constitution, article 7, sections 1, 2, 4, 5, being controlling.   (*Post, pp.* 43, 44.)

---

*On purpose and effect of provision that incumbent shall hold his office until his successor is elected and qualified, see note in 50 L. R. A. (N S.), 365.

Conger v. Roy.

3. **COUNTIES.** Where clerk of county court holds over, successor should
     be elected at first regular election of any county officers.

  Under Constitution, article 7, section 2, *held* that successor to reg-
     ularly elected county court clerk holding over because of nullity of
     election should be elected for unexpired term at first subsequent
     election for any of county officers. (*Post, pp.* 44-46.)

  *Headnotes 1. Officers, 29 Cyc., p. 1399; 2. Officers, 29 Cyc., p. 1399;
3. Clerks of Courts, 15 C. J., Section 22 (1926 Anno).

## FROM DE KALB.

Appeal from the Chancery Court of De Kalb County.—
HON. W. R. OFFICER, Chancellor.

P. C. CROWLEY, R. L. TURNER, O. K. HALLADAY and
STERLING S. BROWN, for appellant.

Jos. C. HIGGINS and D. M. ROBINSON, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

This is an election contest involving the office of county
court clerk of De Kalb county.

At the regular biennial August election in 1918, J. E.
Conger was elected clerk of the county court of De
Kalb county for the regular term of four years, and was
duly qualified on the first Monday in September of the
same year and entered upon the discharge of the duties
of his office.

At the regular biennial election in August, 1922, he
was a candidate for re-election. In that election he was
opposed by one G. C. Puckett; the election resulting in
Conger receiving a majority of one vote over his op-

ponent, and a certificate of election was issued to him by the board of election commissioners of the county

On August 24, 1922, Puckett filed a petition in the county court of De Kalb county contesting Conger's election. In his original and amended petitions Puckett alleged that many illegal votes were cast for Conger in said election, and alleged many other irregularities in said election in favor of Conger.

The petition further alleged that petitioner received a majority of the legal votes cast in said election, and was therefore duly elected county court clerk of De Kalb county.

The petition prayed that said election be purged of the illegal votes cast for Conger in said election, and that petitioner be duly declared elected to said office.

To the original and amended petitions Conger filed a demurrer and answer. The demurrer set up a number of grounds why the petition should be dismissed. In his answer Conger denied that any illegal votes were cast for him in said election; also denied the other irregularities alleged in the original and amended petitions filed by contestant, and denied that contestant received a majority of the legal votes cast in said election.

Conger's answer averred many irregularities in said election favorable to Puckett.

On September 12, 1922, the cause came on to be heard before the county judge of De Kalb county, when the following decree was rendered and entered in said cause:

"*G. C. Puckett* v. *J. E. Conger*: Election Contest.

"This cause came on to be further heard before the court on this the 12th day of September, 1922, the Hon.

J. E. Drake, County Judge, presiding, upon the entire record in the case, but more especially upon the pleadings and admissions of counsel for both contestants and contestee, J. E. Conger, in open court, that the election of county court clerk of De Kalb county, Tenn., August 3, 1922, is utterly void because of the facts set out in the pleadings and is accordingly so adjudged and decreed by the court. It is further adjudged and decreed by the court that no fraud or other misconduct in said election is chargeable against either of the candidates for said office in said election of August 3, 1922, and that whatever fraud or irregularities occurred in said election was on the part of parties other than the candidates Puckett and Conger. It is further ordered and adjudged by the court that the election certificate issued to said J. E. Conger by the election commissioners of De Kalb county, Tenn., is void, for the reason that no valid election was held for said office in the election aforesaid.

"It is therefore ordered, adjudged, and decreed by the court that an election be and the same is hereby called for the 14th day of October, 1922, for the purpose of electing a county court clerk for De Kalb county, Tenn., and the contestant Conger being the incumbent in office, hold the same until his successor is elected and qualified by the vote of the people at the election herein called on the 14th day of October, 1922, and it is accordingly so adjudged and decreed by the court.

"It is therefore ordered, adjudged, and decreed by the court that the election commissioners of De Kalb county, Tenn., be and they are hereby required to call an election at all the precincts and voting places in De Kalb

151 Tenn.—3.

county, Tenn., on the 14th day of October, 1922, for the purpose of electing a county court clerk for De Kalb county, Tenn., the election held for that purpose on August 3, 1922, being declared void by the court, and said election commissioners will make publication of the same as required by law, and do and perform all things required of them under the law in calling regular elections.

"It is adjudged by the court that the cost of this case be equally divided, this part of this order being made by consent. The court will certify this order to the election commissioners of De Kalb county.

"J. E. DRAKE, Judge."

"9/12/22.

This decree was not appealed from by either of the parties.

The election ordered to be held by the county judge in said decree on October 14, 1922, was duly called by the election commissioners of said county, and was held in accordance with said order in the various precincts of the county. In that election Conger and Puckett again opposed each other, the election resulting in favor of Conger by a majority of ninety-nine votes over his opponent, as shown by a canvass of the returns by the election commissioners.

On October 19, 1922, the State, on relation of J. F. Bell, filed its petition in the circuit court of De Kalb county against the county judge, J. E. Drake, and the election commissioners of the county.

In this petition it was alleged that the election of August, 1922, for county court clerk of De Kalb county, hav-

Conger v. Roy.

ing been decreed void, set aside, and for nothing held by the decree of the county judge entered September 12, 1922, in the cause of *G. C. Puckett* v. *J. E. Conger,* a vacancy existed in the office of county court clerk for said county and that the county judge was without power or authority to order that another election be held for the purpose of electing the successor of Conger, whose term of office, under his election in August, 1918, had expired; that the power or authority to fill said vacancy was vested in the quarterly court of said county.

The petition prayed for a writ of mandamus to compel the county judge to call the quarterly court together for the purpose of filling said vacancy.

An alternative writ of mandamus was issued upon the *fiat* of Hon. A. G. Rutherford, judge of the Tenth judicial circuit, and was made returnable before the judge of the circuit court of De Kalb county.

On November 3, 1922, Conger filed his petition in said cause asking leave to be made a party defendant to said petition, which was granted by the court, and he became a party defendant thereto.

Whereupon both Conger and Drake, county judge, demurred to said petition on a number of grounds.

The cause was then heard upon the petition and demurrers by the circuit judge, when said demurrers were sustained; said petition was dismissed, and relator was taxed with the costs. From this judgment petitione͏ and relator appealed to this court and assigned er͏

This court held that there was one material c͏ presented by the assignments of error that ͏ minative of the case. This question was:

"Did the decree of the county judge rendered September 12, 1922, declaring the election for county court clerk held August 3, 1922, void, create a vacancy in that office?"

This court held that it did not, and that the quarterly court of De Kalb county was without authority to elect or appoint Conger's successor, and affirmed the judgment of the circuit court; the court being of the opinion that Conger, the then incumbent of said office, was entitled to hold the same until his successor should be elected and qualified according to law.

Thereafter, and a short time prior to the regular biennial election to be held in August, 1924, for certain civil officers (it not being the regular August election at which county court clerks were to be elected), the election commissioners for De Kalb county ordered the said general election, and included in the call an election for county court clerk of said county, which election was held according to law, and in which the defendant, J. F. Roy, was a candidate for said office, and being the only candidate for said office received all the votes cast in said election for that office. He was thereupon given a commission of election by the election commissioners of the county, made his bond, and was preparing to have himself inducted into the office of clerk of said county to succeed Conger, when Conger filed the present bill in the chancery court of De Kalb county asking for an injunction to restrain defendant Roy from taking charge of said office, and for a decree declaring his election void, and for a cancellation of the election certificate which had

been issued to him by the election commissioners of said county.

Prior to the hearing of the cause, complainant was permitted to amend his bill so as to allege, in substance, that defendant had determined not to wait until the 1st day of September, 1924, to be inducted into said office, and was threatening to take possession at once. And complainant asked leave to file his said bill on behalf of himself, as an office holder and as a taxpayer and citizen of the State, in order to prevent an intrusion by defendant into said office, and that said bill be treated as a petition for a writ of mandamus to compel defendant to appear and show cause why he should not be prohibited from attempting to be inducted into said office.

To the bill, as amended, defendant demurred upon the following grounds:

(1) That the averments of the bill show that ''complainant is not entitled to the office of county court clerk after the election and qualification of defendant as his successor.''

(2) ''Because the election of defendant was legal and valid and he will be entitled to the office of clerk of the county court of De Kalb county on the 1st day of September, 1924.''

(3) ''Because complainant is estopped by the supreme court decree to claim title to the office of clerk beyond the general and regular election of 1924, at which time defendant was elected as his successor, and because the bills show defendant's efforts to qualify.''

(4) ''Because the pleadings disclose a vacancy in the office of county court clerk, and the duty of the election

commissioners to call an election for and to said office and the due and legal election of defendant as the successor of complainant.''

(5) ''Because the bills show the determination of complainant's right and the accrual of defendant's right to said office.''

On August 18, 1924, by consent of the parties, the cause was heard on bill and demurrer by the chancellor at chambers. It was stipulated that the cause should be heard upon all the questions raised, and that the right of complainant upon the one hand to retain the office, and of the right of defendant upon the other hand to succeed thereto, should be determined.

The chancellor overruled defendant's demurrer and sustained complainant's bill, granting the injunction prayed for.

To this decree defendant excepted and prayed an appeal to this court, which was granted by the chancellor.

By his assignments of error defendant insists:

(1) That the chancellor committed error in not sustaining defendant's demurrer to the bill.

(2) That the chancellor erred in not holding that defendant was lawfully elected as the successor of complainant to the office of county court clerk of De Kalb county, and was entitled to be inducted into office on September 1, 1924.

(3) That the chancellor erred in not dismissing complainant's bill, and in granting an injunction prohibiting defendant from taking charge of said office on September 1, 1924.

Defendant's first insistence is that complainant is estopped by virtue of the judgment of the circuit court,

and this court, rendered in the case of *State of Tennessee ex rel.* v. *J. E. Drake, County Judge, et al.,* to assert any claim to the office of county court clerk beyond the 1st day of September, 1924.

Defendant's second insistence is that a vacancy resulted in the office immediately upon the rendition of the decree of September 12, 1922, declaring the election of August, 1922, void, and that the quarterly court should have been permitted to appoint Conger's successor.

We are unable to find anything in the judgment of the circuit court, or this court, rendered in the case of *State ex rel.* v. *J. E. Drake, County Judge, et al.,* that estops complainant from making claim to said office beyond the 1st day of September, 1924. Complainant claims that he is entitled to hold said office for the full term of four years, or until September 1, 1926.

We are of the opinion that there was no law which authorized the county judge, in the case of *G. C. Puckett* v. *J. E. Conger,* to order a special election to be held October 14, 1922, to elect Conger's successor, and that election was void, of no effect, and did not add anything to the right of complainant Conger to continue in said office. Conger, who was the incumbent at the time the regular election was held in August, 1922, and at the time that election was adjudged void on September 12, 1922, in the case of *G. C. Puckett* v. *J. E. Conger,* was entitled to hold said office until his successor was duly elected and qualified according to law.

The constitutional provisions applicable are as follows:

"Art. 7, section 1. There shall be elected in each county, by the qualified voters therein, one sheriff, one

trustee, one register; the sheriff and trustee for two years, and the register for four years. . . .

"Sec. 2. Should a vacancy occur, subsequent to an election, in the office of sheriff, trustee or register, it shall be filled by the justices; if in that of the clerks to be elected by the people, . . . it shall be filled by the courts; and the person so appointed shall continue in office until his successor shall be elected and qualified; and such office shall be filled by the qualified voters at the first election for any of the county officers. . . .

"Sec. 4. The election of all officers, and the filling of all vacancies not otherwise directed or provided by this constitution, shall be made in such manner as the legislature shall direct.

"Sec. 5. Election for judicial and other civil officers shall be held on the first Thursday in August, one thousand eight hundred and seventy, and forever thereafter on the first Thursday in August next preceding the expiration of their respective terms of service. The term of each officer so elected shall be computed from the first day of September next succeeding his election. The term of office of the Governor and of other executive officers shall be computed from the fifteenth of January next after the election of the Governor. No appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term. Every officer shall hold his office until his successor is elected or appointed, and qualified. No special election shall be held to fill a vacancy in the office of judge or district attorney, but at the time herein fixed for the biennial election of civil officers; and such vacancy shall be filled at the next bien-

nial election recurring more than thirty days after the vacancy occurs.''

It was held by this court in *State ex rel.* v. *Malone,* 131 Tenn., 157, 174 S. W., 257, that there can be no appointment to an elective office until a vacancy occurs. When then does a vacancy occur within the true meaning of our Constitution? Did a vacancy occur on September 1, 1922, when Conger reached the end of the four-year term for which he had been elected? It cannot be controverted that he still lawfully held the office under the express language of the Constitution. If the office were lawfully held by him, it was not and could not be vacant. If not vacant, the occasion had not arisen for action of the justices composing the quarterly court under section 2 of article 7. It was then the duty of Conger to hold the office until his successor could be elected.

This very question is elaborately discussed in the case of *State ex rel.* v. *Malone,* supra, and the ruling of the court is in accord with the above view.

Section 1118 of Shannon's Code reads as follows:

''Any office in this State is vacated:

''(1) By the death of the incumbent.

''(2) By his resignation, when permitted by law.

''(3) By ceasing to be a resident of the State, or of the district, circuit, or county for which he was elected or appointed.

''(4) By the decision of a competent tribunal, declaring the election or appointment void or the office vacant.

''(5) By an act of the general assembly abridging the term of office, where it is not fixed by the constitution.

"(6) By the sentence of the incumbent, by any competent tribunal in this or any other State, to the penitentiary, subject to restoration if the judgment is reversed, but not if the incumbent is pardoned."

In *State ex rel.* v. *Malone,* supra, this court said:

"The underlying thought in each of these instances is that the office is empty, or unfilled, except in the last, on the occurrence of which the office is at once to become empty. In addition, this court has held that an office is empty or vacant when first created, and no one has yet been appointed to fill it. *Condon* v. *Maloney,* 108 Tenn. 83, 65 S. W., 871; also, that the office at once becomes empty of its incumbent or vacant, when he accepts another office incompatible with the one then held by him. *State v. Slagle,* 115 Tenn., 336, 89 S. W. 326. And in *Richardson v. Young,* 122 Tenn., 471, 480, 550-565, 125 S. W., 664, it was held that the word 'vacant' when applied to an office means 'without an incumbent,' regardless of when or how it became vacant. That this is the meaning ascribed to this word by the great weight of authority in this country I need do no more than cite Words and Phrases, First Series, 7259-7263, and Second Series of same work, 1122-1127, and the supporting cases therein referred to. To same effect are the text-books. Mechem on Public Officers, sections 128, 130; Throop on Public Officers, section 328. See, also, the numerous cases cited in note on page 368 of 50 L. R. A. (N. S.)"

The court in that case further said: "As far as our investigation has gone, the great weight of authority upholds the view that, wherever the law provides for an incumbent holding over until his successor has been ap-

Conger v. Roy.

pointed and qualified, there is no vacancy in the office at the expiration of the fixed term''—citing many authorities.

In *Chadduck* v. *Burke*, 103 Va., 694, 49 S. E., 976, the court, in discussing this very question, said: ''The regular term of the plaintiff in error expired under the law, on the 1st day of January, 1904, but he was just as fully authorized by law to hold the office and exercise the powers and perform the duties appertaining to it after that time, until his successor had been duly appointed and qualified, as he was before the expiration of his regular term. Indeed, the period between the expiration of his term and the qualification of his successor is as much a part of the incumbent's term of office as the fixed statutory period, when the law provides that he shall hold until his successor qualifies.''

So there can be no doubt as to the correctness of the holding of this court in the case of *State ex rel.* v. *J. E. Drake, County Judge, et al.*, unless section 1332 of Shannon's Code is controlling. It is urged by defendant that, under the provisions of that section, a vacancy in the office occurred when the election of August, 1922, was declared void by the decree of September 12, 1922, rendered in the cause of *G. C. Puckett* v. *J. E. Conger*, and that this section was overlooked by the trial court and this court in determining the question of whether there was a vacancy, in the case of *State ex rel.* v. *J. E. Drake, County Judge, et al.*

The section of the Code referred to reads as follows: ''When the person whose election is contested is found to have received the highest number of legal votes, but

the election is declared null by reason of constitutional disqualifications on his part, or for other causes, the person receiving the next highest number of votes cannot be declared elected, but the election shall be declared void, and so certified to the power authorized to fill the vacancy or order a new election.''

We think this section applies only where there is a vacancy; in other words, where there is no one to hold the office. It does not and cannot apply where there is an incumbent who may hold over until his successor is elected and qualified, as provided by the constitution. The constitutional provision must control.

The next question to be determined is: When were the voters entitled to elect Conger's successor?

Defendant insists that the right to elect Conger's successor existed at the next regular biennial August election held in 1924, for the election of county officers.

Upon the other hand, complainant insists that he is entitled to hold the office for a full term of four years, or until September 1, 1926.

It will be noted that section 2 of article 7 of our constitution provides that should a vacancy occur, subsequent to an election, in the office of any of the clerks to be elected by the people, it shall be filled by the courts; and the person so appointed shall continue in office until his successor shall be elected and qualified, and such office shall be filled by the qualified voters at the first election for any of the county officers. While our constitution does not expressly provide when the successor to a holdover shall be elected, we think the clear implication is that he shall be elected at the first regular biennial elec-

tion for any of the county officers, which, in the instant case, was the regular biennial election held in August, 1924. In other words, we think the constitution contemplates that the holdover's successor shall be elected at the first opportunity after the term of office has expired, which is the next biennial election of county officers, and that such successor shall hold for the unexpired term. Conger's regular term of office expired on September 1, 1922. He continued to hold the office only by virtue of the provisions of the constitution, which is that he "shall hold his office until his successor is elected or appointed, and qualified." The constitution does not provide for a special election to elect the holdover's successor, but we think it clearly implies that it shall be done at the next regular biennial election at which any of the county officers are to be elected.

We think this holding is in accord with the true intent and meaning of our constitution. There certainly is nothing in that instrument which would warrant us in holding that complainant is entitled to hold over for a full term of four years, or until September 1, 1926. There is no language contained in the opinion of this court rendered in the case of *State ex rel.* v. *J. E. Drake, County Judge, et al.*, that can be construed as so holding. The only question determined in that case was that no vacancy had occurred by the failure to elect Conger's successor at the regular August election held in 1922, but that Conger was entitled to hold over until his successor was elected and qualified, and therefore the quarterly court was without authority to appoint his successor.

It results that the decree of the chancellor will be reversed, the injunction dissolved, and it is held that de-

fendant is entitled to succeed to the office of county court clerk of De Kalb county by virtue of his election, and to qualify as such officer and to enter upon the duties of such office for the unexpired term, or until September 1, 1926.

Complainant will be taxed with the costs of the cause.