KIMSEY *et al. v.* HYATT *et al.* (two cases).

(*Nashville*, December Term, 1935.)

Opinion filed January 27, 1936.

J. E. ADAMS, of Copperhill, and WILLIAMS & WILLIAMS, of Chattanooga, for appellants.

PAUL R. STEWART, of Athens, and R. P. TAYLOR, of Copperhill, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The General Assembly of the state of Tennessee in 1931 enacted chapter 104 of the Private Acts of that year appointing L. E. Kimsey, J. E. Quinn, and J. L. Lanning township school commissioners for the Fourth fractional township of Polk county, to hold office until the first Monday in November, 1934, or until their successors were duly elected and qualified. The act provided for an election to be held on said date for township school commissioners, to hold office for the term of four years. J. L. Lanning resigned his office of township school commissioner, and the remaining two commissioners, on September 10, 1934, undertook to elect R. L. Kirkpatrick in his place and stead. There was no election held on the first Monday in November, 1934, or since that date, for the selection of township school commissioners.

Chapter 128 of the Private Acts of 1935 abolished the offices of school commissioners for said township. Within a few days after the enactment of chapter 128, the General Assembly passed chapter 188, Private Acts of 1935, creating the offices of school commissioners for said township and naming G. Parks Hyatt, Joe E. Williams, and William J. Rogers as such commissioners.

L. E. Kimsey, J. E. Quinn, and R. L. Kirkpatrick, on February 21, 1935, filed their original bill to restrain Hyatt, Williams, and Rogers from interfering with complainants as township school commissioners, or with their custody, control, and possession of the funds, records,

and other properties held by them in their official capacity, and to require C. L. Campbell, trustee of Polk county, to recognize complainants as such commissioners. It was averred in the bill that said acts of 1935, under which Hyatt, Williams, and Rogers were claiming said offices, are unconstitutional, for the reason that said acts are colorable only, effected no fundamental changes in the structure of the offices, and that the intent and purpose of the acts is manifestly to legislate complainants out of office and, in turn, legislate said defendants into office.

The chancellor granted the injunction as prayed. Defendants demurred to the bill on the ground, among others, that complainants were without right to challenge the validity of said acts, for the reason that they had a vested right in said offices only up to the first Monday in November, 1934, and after that date held office only by grace or sufferance. The chancellor overruled the demurrer, and held both of said acts to be unconstitutional and void. From this decree defendants have appealed to this court and assigned errors.

After the entry of the decree in the above-mentioned case, the General Assembly enacted chapter 138, Private Acts of 1935, 1st Extra Session, which act by its terms required complainants to vacate the offices of township school commissioners and naming defendants Hyatt, Williams, and Rogers as such commissioners.

Complainants, on August 5, 1935, filed their bill against defendants attacking the constitutionality of said act as colorable legislation, and praying for an injunction to restrain said three defendants from interfering with them as such commissioners. The chancellor granted the injunction, as prayed. Defendants demurred to the

bill on the ground, among others, that complainants in their bill make out no such case as entitled them to the relief sought. The chancellor overruled the demurrer, and held said act unconstitutional. From this decree defendants have appealed to this court and assigned errors.

Complainants aver in both bills that they are "the duly elected Township Commissioners of the Fourth Fractional Township of Polk County, Tennessee, having been elected and qualified under the terms of chapter 44 of the Acts of 1889 of the General Assembly of the State of Tennessee, as from time to time amended." Said act of 1889 provided, among other things, for the election of three township commissioners, to hold office for the term of two years from the date of their election, and, in case a vacancy occurred by death, removal, or otherwise, the same to be filled by appointment made by the other commissioners.

The next legislation affecting the township commissioners was chapter 897, Private Acts of 1929. The act named L. E. Kimsey, ———— Clonts, and T. A. Mitchell township school commissioners, to hold their office until the first Monday in November, 1932, on which date an election was directed to be held for their successors, and every four years thereafter. Then followed chapter 104, Private Acts of 1931, which expressly amended said act of 1929 by striking out sections 1, 2, and 3 of said act (which sections constituted the whole of said act except the caption and section 4, which repealed all former laws in conflict with the act), and, as hereinbefore stated, naming L. E. Kimsey, J. E. Quinn, and J. L. Lanning township school commissioners. Both the act of 1929 and the act of 1931 were held constitutional by this court in *Dalton* v. *Kimsey,* 165 Tenn., 116, 52 S. W. (2d), 465.

■ Complainants cannot validly claim to hold their offices of school commissioners under the act of 1889, because the act of 1929, without reference to the act of 1889, provided a school commission for said township and for the election of their successors. Kimsey accepted the office of school commissioner under the act of 1929, and both he and Quinn accepted such offices under the act of 1931, which act amended the act of 1929 by naming them commissioners. Complainants were therefore holding their offices under the act of 1931. No provision is contained in this latter act for the filling of vacancies in the commission by the remaining commissioners. Nor was there such a provision in the act of 1929. No such power was conferred on the commissioners appointed under either act.

■ No election having been held on the first Monday in November, 1934, complainants, except Kirkpatrick, who held no valid right to the office of commissioner, continued to hold over under the provisions of the act of 1931 and under article 7, section 5, of the Constitution, until their successors were duly elected or appointed, and qualified.

After the expiration of the time for which the complainants were appointed school commissioners, they had no such vested right in the offices as that the Legislature was without power to deprive them thereof. In *Graham* v. *England,* 154 Tenn., 435, 441, 288 S. W., 728, 730, this court said:

"Since the tenure of an officer holding over is in the public interest and not by reason of any title he has to the office, his term having expired, we see no reason why the Legislature may not in the public interest displace

the hold-over and temporarily devolve the duties of the office upon another.''

In *State ex rel.* v. *Graham,* 161 Tenn., 557, 565, 30 S. W. (2d), 274, 276, the court said:

''The right of Barham to the salary involves only one proposition, viz., whether a hold-over judge has, under the Constitution, such a vested interest in the office as that the Legislature is without power to deprive him thereof in such circumstances as this record presents. There are cases which hold that the hold-over period is as much a part of the incumbent's term of office as the fixed constitutional period. We are unwilling to adopt this construction, for the reasons heretofore stated. In *Graham* v. *England, supra,* the court approved cases giving the hold-over provision a contrary construction.''

The basis of the right to challenge the constitutionality of a statute removing one from office and giving it to another is the vested right to the office. Here, after the expiration of the time for which complainants were appointed school commissioners, they were merely temporary holders of such offices, without vested rights thereto. When, therefore, the General Assembly, by the 1935 legislation, appointed others to fill these offices, complainants were not thereby prejudiced as to any rights they had under the law, and may not be heard to challenge the constitutionality of such legislation because colorable.

The result is that the decrees of the chancellor must be reversed and both suits dismissed, at the cost of complainants.