STATE *ex rel.* TURNER *et al. v.* WILSON *et al.*

(*Jackson,* April Term, 1953.)

Opinion filed February 11, 1954.

WOODSON J. SAVAGE, JR., of Bolivar, for complainants.

E. J. HARRIS, of Bolivar, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

By Chapter 220, Private Acts of 1953, a new charter of incorporation was enacted for the Town of Middleton, in Hardeman County, and the relators, W. D. Turner et al., whom we shall refer to herein as the new Board, were designated as the Mayor and Board of Aldermen to serve as such until the first Monday of March 1955. The new Board qualified on March 30, 1953, but the defendants, John Wilson et al., who were holding office under Chapter 359, Private Acts of 1901, as amended by the Act of 1917, whom we shall refer to herein as the old Board, refused to surrender their offices, or to turn over the government of the town to the relators.

Thereupon the relators filed this bill in the Chancery Court seeking an alternative writ of mandamus. Upon the filing of the bill, the temporary writ issued, and the defendants met it with a demurrer by which they challenged the constitutionality of Chapter 220, Private Acts of 1953, as being unconstitutional in that the changes made therein from the Act of 1901, as amended by the Act of 1917, were colorable and not real or substantial, and that the Act had been passed, not in the public

interest, but for the sole purpose of ousting the defendants from office.

Under the Act of 1901, as amended, the defendants had been elected in January 1952, for a one-year term. Their term expired in January 1953, but no election was called by the Election Commissioners, as provided in the Act of 1901, and at the time of the passage of the 1953 Act on March 26, 1953, defendants were holding office under the provisions of the 1901 Act as "hold-overs," their terms of office having expired as stated, in January 1953.

The Chancellor overruled the demurrer to the bill and held that since the defendants were "holding-over" after their term expired in January 1953, that they had no vested interest in their offices as such "hold-overs," and that, therefore, they had no special property interest in the bill not common to all citizens of Middleton, which would give them the right to assail its constitutionality.

The Chancellor further held that the changes made in the Act of 1953 were real and not colorable, and that therefore the Act was constitutional.

From the action of the Chancellor in overruling the demurrer, the defendants prayed and were granted this appeal.

We find it unnecessary to consider the assignments of error seriatim, and we accept the statement of the appellants in their brief, that the appeal presents two questions, namely: (1) Do the officers holding office by virtue of Chapter 359 of the Private Acts of 1901 have the right to question the constitutionality of Chapter 220 of the Private Acts of 1953? (2) Does Chapter 220 of the Private Acts of 1953 make substantial and real changes in the Act of 1901, as amended, or are such changes colorable merely, for the purpose of legislating defendants and appellants out of office?

■ As to the first question, it is a well-settled rule that an Act of the Legislature is presumed to be constitutional and within legislative power, and unless those who attack the constitutionality of the Act show themselves to be within a special class, which on account of the Act suffers some special financial loss or damage to their property, which is not common to all citizens affected by the Act, they may not successfully assail the constitutionality of the Act. *Walldorf* v. *City of Chattanooga,* 192 Tenn. 86, 89, 237 S. W. (2d) 939, and numerous cases there cited.

The old Board insists that as officers holding-over, after the expiration of the term for which they were elected by the people, they were officers *de jure,* and as such, had a vested right in their offices; that they therefore have been deprived of this vested right which is special damage to them, and gives them the right to assail the constitutionality of the Act. This Court has held the contrary of an elected officer in the same situation.

"The right of Barham to the salary involves only one proposition, viz. whether a hold-over judge has, under the Constitution, such a vested interest in the office as that the Legislature is without power to deprive him thereof in such circumstances as this record presents. There are cases which hold that the hold-over period is as much a part of the incumbent's term of office as the fixed constitutional period. *We are unwilling to adopt this construction, for the reasons heretofore stated.* In *Graham* v. *England,* supra [154 Tenn. 435, 288 S. W. 728], the court approved cases giving the hold-over provision a contrary construction." *State ex rel. Barham* v. *Graham,* 161 Tenn. 557, 565, 30 S. W. (2d) 274, 276.

"The constitutional protection thrown around an officer is that he shall hold for his stipulated term. This is for his benefit. The hold-over provision is for the benefit of the public and to prevent interruption in the public service. *Rightmire* v. *Camden,* 50 N. J. L. 43, 13 A. 30; *Johnson* v. *Mann,* 77 Va. 265, 271; *State [ex rel. Bickford]* v. *Cocke,* 54 Tex. [482] 485, and cases collected in note 50 L. R. A., N. S., 365.

"Since the tenure of an officer holding over is in the public interest and not by reason of any title he has to the office, his term having expired, we see no reason why the Legislature may not in the public interest displace the hold-over and temporarily devolve the duties of the office upon another." *Graham* v. *England,* 154 Tenn. 435, 441, 288 S. W. 728, 730.

Finally, we hold, as did the Chancellor, that the decision of *Kimsey* v. *Hyatt,* 169 Tenn. 599, 89 S. W. (2d) 887, which is identical with the present case, in all essential particulars, so far as the first question is concerned, is controlling and determines that, as hold-over officers, the defendants have no such special interest in their offices as entitles them to assail the constitutionality of the Act of 1953.

As to the second question, since the only assault made on the Act of 1953 was (1) that the changes in said Act from the form of government of Middleton provided by the Act of 1901, as amended, was that those changes were colorable merely, and that the purpose of the Act was to oust the defendants from office, and (2) since the defendants had no right to raise that question, and since such defect in the Act, if found to be true, prejudiced no one but the defendants, we find it unnecessary to pass upon that question to dispose of this appeal.

The assignments of error are overruled and the decree is in all respects, affirmed. The appellants will pay the costs.

PREWITT, Justice, not participating.