ZACK CAMPBELL

*v.*

UNICOI COUNTY, TENNESSEE, et al.

ZACK CAMPBELL

*v.*

STATE OF TENNESSEE ex rel. LINCOLN TAYLOR.

356 S. W. 2d 264.

(*Knoxville*, September Term, 1961)

Opinion filed April 4, 1962.

STREET, BANKS & MERRYMAN, Elizabethton, for appellant.

JOHN R. JONES, GARLAND & GARLAND, TUCKER & ERWIN, Erwin, for appellees.

PAUL SHERWOOD, Johnson City, for Unicoi County.

MR. JUSTICE WHITE delivered the opinion of the Court.

The two suits set out in the caption are consolidated by agreement of the parties on appeal. The first suit, that is, of Zack Campbell vs. Unicoi County, Tennessee, et al., was filed by the appellant on the 24th day of October, 1961, and amended on the 31st day of October, 1961. The bill was met by a motion to dissolve the injunction theretofore granted which had enjoined Unicoi County and its County Judge from qualifying or recognizing any person other than complainant as Road Superintendent, and by a demurrer.

The bill was filed by the appellant seeking a declaration under the Declaratory Judgments Act as to the constitutionality of Chapters 62 and 348 of the Private Acts of 1961. Appellant was the duly elected Road Superintendent of Unicoi County, Tennessee, having been elected by the Quarterly County Court of that county under Chapter 678 of the Private Acts of 1949,

his term of office expiring on November 1, 1961. By Chapter 62 of the Private Acts of 1961, there was an amendment to Section 3 of said Chapter 678, in that the tenure of office of Road Superintendent was changed from one to two years and provided for his popular election in the month of August of every second year instead of by the County Court. Said Act also provided for an ad interim appointment by the Governor to serve from November 1, 1961 until September 1, 1962 in these words:—"The office shall be filled by appointment of the Governor from November 1, 1961, the expiration date of the term of the present County Road Superintendent until September 1, 1962, when the same shall be filled as provided for in this Act."

Chapter 348 of the 1961 Acts amends Chapter 62 in that it provides the mechanics of the referendum to the people, whereas Chapter 62 merely provides for a referendum, but it did not set out the method or procedure for the holding of such referendum.

Complainant averred that upon the expiration of his term of office on November 1, 1961 that he then became a holdover in and of said office and that the Governor was without constitutional authority or power to appoint a County Road Superintendent of said county to fill said office until September 1, 1962, in that the Governor is prohibited from making such appointment by Article 11, Section 17 of the Constitution of the State of Tennessee.

Complainant further averred that the office of County Road Superintendent was not abolished by the 1961 Act but was merely a continuance of the same office created by the Act of 1949 aforesaid, and that the 1961 Private Act in question is merely an attempt on the part of the

Legislature to oust complainant out of office in violation of Article 1, Section 8 and Article 11, Sections 8 and 9.

It is contended by the complainant that Article 7, Section 4 of the Constitution limits the power of the Legislature to provide for the appointment of county officials to offices which are vacant and it does not have the power to confer upon the Governor the right or authority to fill an office which is not vacant.

The bill avers other constitutional infirmities of the Acts, but it is not necessary to notice them at this time.

By amendments it was brought to the attention of the Court that on October 30, 1961, the Governor of the State of Tennessee appointed Lincoln Taylor of Unicoi County, Tennessee, to the office of Road Superintendent of Unicoi County, Tennessee, effective November 1, 1961 under the terms and provisions of said Private Act. By this amendment, the said Lincoln Taylor was made a party defendant and he was enjoined by fiat from assuming the duties of such office.

The defendant, George F. McCanless, in his official capacity as Attorney General of the State of Tennessee, filed an answer pleading the impropriety of joining him as a defendant since the Acts involved are Private Acts applicable only to Unicoi County and are not of statewide effect within the purview of Section 23-1007 T.C.A. and asked that the bill as amended be dismissed as to him.

The defendant, Unicoi County, in its separate answer admitted the allegations of fact contained in the bill to be true, and stated that upon advice it believed that Chapters 62 and 348 of the Private Acts of 1961 to be unconstitutional and void for the reasons set out in the

bill as amended and that the appointment made pursuant thereto is also void and should be so declared and the rights of the parties decreed in the cause.

The defendant, Lincoln Taylor, filed a motion to dissolve the injunction theretofore issued against him. He also filed a demurrer, the main ground of which is that complainant does not have the right to maintain the action instituted in the original bill as amended because (a) the term to which he was elected Road Superintendent of Unicoi County, Tennessee, expired November 1, 1961, and as a holdover in such office he does not have a vested interest or right to make an attack upon the constitutionality of Chapters 62 and 348 of the Private Acts of 1961; and (b) complainant, Campbell, does not suffer any special financial loss or damage to his property which is not common to all citizens affected by Chapters 62 and 348 of the Private Acts of 1961, and therefore cannot, under the law, attack said statutes as being contrary to the provisions of the State Constitution.

The Court in its final decision on the original bill as amended, the demurrer filed by Lincoln Taylor and upon the answers filed by the other defendants on November 13, 1961 sustained the demurrer and dismissed the bill, as amended, stating in the decree that complainant is a "hold-over in the office of Road Superintendent of Unicoi County, and as such does not have such an interest in such office as to permit him to attack the constitutional validity of these private acts".

After the entry of the judgment of the Court aforesaid, the said Lincoln Taylor brought a writ of mandamus as the relator of the State of Tennessee against the defendant, Zack Campbell, praying that an alterna-

tive writ issue requiring the defendant to forthwith surrender the office of Road Superintendent of Unicoi County, Tennessee to the relator and to turn over to and deliver to him all records, equipment, etc. belonging to and used in said office, and to cease and desist from interfering with relator's occupation of such office, or show cause at a day fixed by the court why he had not done so, and upon his failure so to do, or upon a decision against him at the hearing, that a peremptory writ of mandamus issue.

This writ was issued on November 16, 1961, and the defendant was required to show cause on November 24, 1961 why he had not complied with the writ of mandamus.

The defendant filed a demurrer in which he again brought to the attention of the Court his contention that said Private Acts, being Chapters 62 and 348 of the 1961 Session of the General Assembly of the State of Tennessee were obnoxious to the Constitution for the reasons more specifically set out in the demurrer.

After proper hearing, the demurrer was overruled on December 4, 1961. To the action of the Trial Court the said Zack Campbell excepted and prayed an appeal to the next term of this Court, which appeal was granted. The defendant has now appealed and assigned errors.

We find it unnecessary to consider all of the assignments of error as we think Assignment Nos. 1 and 2, which are asserted by Zack Campbell in his position as complainant in one case and as defendant in the other to the effect that the Court erred in holding that he as a holdover in said office did not have sufficient justiciable interest to enable him to attack the constitutionality of

said Private Acts or to enjoin Lincoln Taylor from interfering with his right to the office of Road Superintendent as such holdover, are decisive of the issues.

In our opinion the principle announced in several of our prior opinions and followed in case of *State ex rel. Turner v. Wilson,* 196 Tenn. 152, 264 S.W.2d 796, is binding upon us and is exact authority for sustaining the Trial Court in repelling the contention of Campbell that he had a right as a holdover in office to test the constitutionality of the two Private Acts in question. The authorities were reviewed in said case in an opinion by Mr. Justice Gailor for the Court. In that case a new charter of incorporation was enacted for the Town of Middleton and pursuant thereto Turner and others were designated to serve as the new Board, effective March 30, 1953, replacing the old Board which had been elected in January of 1952 for a one year term and were holdovers at the time of the qualification of the new Board on March 30, 1953, the terms of the office of such holdovers having expired in January, 1953. The Trial Court in that case held that such holdovers had no vested interest in their offices as such and, therefore, had no special property interest not common to all citizens of Middleton which would give them the right to assail the constitutionality of the private act, under which Turner and others qualified to take office, as aforesaid.

It was the insistence of the Old Board that as officers holding-over after the expiration of the term for which they were elected by the people that they were officers de jure and as such had a vested right in their offices and being deprived of this vested right which was special to them, they then had the right to assail the constitu-

tionality of the new Act. In passing upon this matter, the Court said that it had held to the contrary in the case of an elected officer in the same situation, saying: "There are cases which hold that the hold-over period is as much a part of the incumbent's term of office as the fixed constitutional period." We are unwilling to adopt this construction for the reasons heretofore stated. In *Graham v. England*, 154 Tenn. 435, 288 S.W. 728, the Court approved cases giving the holdover provision a contrary construction. *State ex rel Barham v. Graham*, 161 Tenn. 557, 565, 30 S.W.2d 274, 276. "The constitutional protection thrown around an officer is that he shall hold for his stipulated term." This is for his benefit. The hold-over provision is for the benefit of the public and to prevent interruption in the public service.

It will be remembered that the term of office of the defendant, Zack Campbell, expired on November 1, 1961. His term of office was of special benefit to him but when that term expired, which it did as aforesaid, he no longer had a personal special interest in the office and he then became a holdover for the benefit of the public to prevent interruption in the public service. It became his duty to hold said office and to protect records and other public property in his possession until such time as his successor in office appeared clothed with evidence of his authority to assume the duties of such office, and then it became his duty to surrender such office to his successor.

The case of *State ex rel. Turner v. Wilson*, supra, 196 Tenn. at page 155, 264 S.W.2d at page 798, affirmed the holding and principle announced in *Kimsey v. Hyatt*, 169 Tenn. 599, 89 S.W.2d 887, viz.:

"It is a well-settled rule that an Act of the Legislature is presumed to be constitutional and within legislative power, and unless those who attack the constitutionality of the Act show themselves to be within a special class, which on account of the Act, suffers some special financial loss or damage to their property, which is not common to all citizens affected by the Act, they may not successfully assail the constitutionality of the Act."

Since in our opinion this complainant does not have an interest in the office so as to permit him to attack the constitutionality of the Acts in question and since the Acts are presumed to be valid until found otherwise by a Court having jurisdiction of the parties and the subject matter, the action of the Trial Court is in all respects affirmed at the cost of the appellant. We find it unnecessary to pass upon the remaining assignments of error.