Lonnie **BUTLER**, Plaintiff-Appellant,

v.

**COCKE COUNTY, Tennessee, et al.,**
**Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

March 6, 1984.

Permission to Appeal Denied by
Supreme Court June 11, 1984.

Ben W. Hooper, II, Newport, for plaintiff-appellant.

Fred L. Myers, Jr., Newport, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiff's action to recover salary as the County Executive of Cocke County for the period August 6, 1981 to August 31, 1982, on the basis that he was legally elected to the office was dismissed by the chancellor.

It is plaintiff's insistence on appeal he was duly elected in the General Election in 1980 to the remainder of the term to which William Blazer had originally been elected in 1978, and property rights in the office accruing on election entitled him to the salary which Cocke County has refused to pay.

Pertinent facts are undisputed and we adopt the following findings of fact made by the chancellor:

At the regular election for the office of County Executive of Cocke County, held in August of 1978, William C. Blazer was duly elected, qualified, assumed office on September 1st, 1978, and for a term of four years, expiring August 31st, 1982. On November 15th, 1979, William C. Blazer was convicted in the Circuit Court of Cocke County on a misdemeanor charge of Official Oppression, and was removed from office pursuant to the pro-

visions of Tennessee Code Annotated, Section 39–3219 [now § 39–5–401]. On December 10th, 1979, the Cocke County Legislative Body appointed plaintiff to the office to serve until the next general election, to be held in August, 1980. In this general election of August, 1980, plaintiff was duly elected to the office to fill the unexpired term. On August 6th, 1981, and pursuant to judgment of the Supreme Court of the State of Tennessee in the case of *State v. Blazer*, 619 S.W.2d 370, William C. Blazer, whose conviction had been reversed on appeal, charges subsequently dropped, was ordered reinstated and thereupon resumed the duties of the office and the plaintiff was removed therefrom. Mr. Blazer served the remainder of the term, receiving the salary therefor.

The chancellor concluded that upon reinstatement of Blazer to the office plaintiff had no legal rights or claim to the office and dismissed the complaint. We agree.

In *Blazer*, a divided Supreme Court held: Blazer did not forfeit his right to the office of county executive because he had not been "duly convicted" within the meaning of T.C.A., § 39–5–401.[1]

■ Clearly, county officers properly elected have property rights in their respective offices, *State ex rel. v. Stewart*, 147 Tenn. 375, 247 S.W. 984 (1919); however, implicit in the court's ruling in *Blazer* is that no vacancy existed in the office of county executive which would authorize the holding of an election to fill. Blazer's unexpired term. *See Hilliard v. Park*, 212 Tenn. 588, 370 S.W.2d 829 (1963); *Conger v. Roy*, 151 Tenn. 30, 267 S.W. 122 (1924); and generally, T.C.A., § 8–48–101.

■ Among the conditions which render a public official an officer *de facto* is holding office under the color of a known election or appointment improper "because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such

---

1. The issue of whether Blazer was properly replaced by Butler during the time he was actually under judgment of conviction and during pendency of his appeal was not an issue in *Blazer*.

ineligibility, want of power, or defect being unknown to the public;..." *Evers v. Hollman,* 196 Tenn. 364 at 369, 268 S.W.2d 97 (1954), quoting *Heard v. Elliott,* 116 Tenn. 150, 154–5, 92 S.W. 764–5 (1905). Until such time as Blazer was "duly convicted" there was no basis to fill his unexpired term by election.

The facts in the instant case fall within the general rule that a *de facto* officer is not entitled to the emoluments of office where there is a *de jure* officer claiming the office. 67 C.J.S., *Officers,* § 275. We affirm the judgment of the chancellor and remand at appellant's cost.

PARROTT, P.J., and SANDERS, J., concur.